477 A.2d 754
ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Kent David THORUP.

Misc. Docket (BV) No. 23, Sept. Term, 1983.

Court of Appeals of Maryland.

July 11, 1984.

Melvin Hirshman, and Walter D. Murphy, Jr., Bar Counsel and Asst. Bar Counsel for Atty. Grievance Com'n, Annapolis, for petitioner.

No appearance for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Kent Davis Thorup, alleging violations of the disciplinary rules of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Irma S.

Raker of the Circuit Court for Montgomery County to make findings of fact and conclusions of law. After conducting an evidentiary hearing, Judge Raker filed detailed findings and conclusions as follows:

"This matter comes before this Court on the Petition of the Attorney Grievance Commission of Maryland for disciplinary action against Kent Davis Thorup. The Respondent was served by private process server on October 27, 1983. Respondent failed to appear or file a response to the petition.

"A hearing on the Petition was held in the Circuit Court for Montgomery County on January 23, 1984. The Petition alleges the Respondent did unethically and unprofessionally violate Disciplinary Rules:

"*1–102—Misconduct.*

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

"*6–101—Failing to Act Competently.*

(A) A lawyer shall not:

(3) Neglect a legal matter entrusted to him.

"*7–101—Representing A Client Zealously.*

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR7–101(B). A lawyer does not violate this Disciplinary Rule, however by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

"The misconduct alleged in this Petition arose from Respondent's representation of three clients in the Superior Court of the District of Columbia. On February 25, 1983, the District of Columbia Court of Appeals ordered the Respondent be suspended from the practice of law in the District of Columbia for a period of two years. The Board of Professional Responsibility for the D.C. Bar [Board] found Respondent violated DR1–102(A)(5), DR6–101(A)(3) and DR7–101(A)(1) of the Code of Professional Responsibility. At the hearing on January 23, 1984, in the Circuit Court for Montgomery County, copies of the District of Columbia Court of Appeals opinion and judgment, the Board's findings and recommendations and the Hearing Committee's findings of fact in D.C. Bar Docket Numbers 498–78, 92–79 and 111–79 were admitted in evidence.

*"Findings of Fact*

"1. Respondent was admitted to the Bar of the State of Maryland on December 9, 1965.

2. Respondent was personally served with the pleadings in this matter on October 27, 1983.

3. A hearing was held on the Petition for Disciplinary Action on January 23, 1984, in the Circuit Court for Montgomery County.

4. Respondent failed to respond to the Petition for Disciplinary Action or to appear at the January 23, 1984 hearing.

5. Respondent was admitted to the Bar of the District of Columbia on January 1, 1972.

6. The District of Columbia Court of Appeals suspended the Respondent from the practice of law in the District of Columbia for two years, beginning February 25, 1983, for the following misconduct:

"a) *D.C. Bar Docket No. 498–78*

i. By Respondent's acceptance of Williams' case in February, 1979, and failure to take any action until early June, 1979, despite repeated requests and correspondence

from Williams, and given the fact that Williams' complaint to Bar Counsel in the District of Columbia was made in early June, 1979, the Respondent engaged in serious and willful neglect in violation of Disciplinary Rules 6–101(A)(3), 7–101(A)(1), and 1–102(A)(5).

"b) *D.C. Bar Docket No. 92–79*

i. By failing to respond to correspondence from District of Columbia Bar Counsel, the Respondent violated Disciplinary Rule 1–102(A)(5).

"c) *D.C. Bar Docket No. 111–79*

i. Respondent violated Disciplinary Rule 6–101(A)(3) in that he neglected a legal matter entrusted to him and refused to contact his client, Jones, despite requests that he do so on the part of Jones, his family members and the Court.

ii. The Respondent violated Disciplinary Rule 1–102(A)(5) by failing to reply to the inquiries of Bar Counsel for the District of Columbia concerning this matter.

### *"Conclusion of Law*

"Proof of the District of Columbia Court of Appeals' finding that Respondent violated the disciplinary rules of the Code of Professional Responsibility is conclusive proof of Respondent's misconduct in the present proceedings. *Maryland Rules of Procedure* BV 1(j); BV 10(e)(1).

"This Court finds by clear and convincing evidence that Respondent violated Disciplinary Rules 102(A)(5) [1–102(A)(5)], 6–101(A)(3), and 7–101(A)(1) of the Code of Professional Responsibility."

Respondent took no exceptions to Judge Raker's findings. Bar Counsel has recommended that Respondent be suspended from the practice of law for two years and not reinstated until and unless he has been readmitted to the Bar of the District of Columbia.

Considering all the circumstances, we think that Thorup's misconduct warrants suspension from the practice of law in this State for two years. He shall remain suspended beyond that time unless he has applied for readmission, and been readmitted, to the Bar of the District of Columbia following expiration of his suspension in that jurisdiction. *See Attorney Grievance Commission v. Sheehy,* 298 Md. 371, 470 A.2d 341 (1984).

The Respondent's suspension shall commence thirty days from the date of the filing of the opinion in this case. Prior to termination of the suspension, Thorup shall pay all costs of the disciplinary proceedings.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST KENT DAVIS THORUP.